Robert **BERTUGLIA**, Jr., individually, and as President of Laro Maintenance Corp., Plaintiff–Appellee,

Laro Maintenance Corporation, Laro Service Systems Inc., Plaintiffs–Counter–Defendants–Appellees,

v.

The **CITY OF NEW YORK**, Port Authority Investigators John Does, # 1–5 Names and Shield Numbers whom are Unknown at Present, and other Unidentified Members of the Port Authority, Port Authority Investigators Jane Doe, # 1–5 Names and Shield Numbers whom are Unknown at Present, and other Unidentified Members of the Port Authority, Bernard D'Aleo, Port Authority Contract Administrator, Defendants,

Jeffrey Schaffler, Port Authority Supervising Investigator, Port Authority of New York and New Jersey, Michael Nestor, Port Authority Director of Investigations, Edward Kennedy, Port Authority Investigative Manager, Fred Ferrone, Port Authority Forensic Auditor, Robert E. Van Etten, Port Authority Inspector General, Defendants–Counter–Claimants,

Ada Elyse Ruzow, Ada Michael Scotto, Defendants–Appellants.

No. 12–1255.

United States Court of Appeals, Second Circuit.

Jan. 29, 2013.

44

Beth Fisch Cohen, Assistant District Attorney, New York County District Attorney's Office (Cyrus Vance Jr., District Attorney, New York County, Susan C. Roque, Assistant District Attorney, on the brief) New York, N.Y., for Appellants.

Jon L. Norinsberg, Law Offices of Jon L. Norinsberg, New York, N.Y., for Appellees.

Present: RALPH K. WINTER, ROSEMARY S. POOLER, DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Elyse Ruzow and Michael Scott appeal from the March 19, 2012 opinion and order of the United States District Court for the Southern District of New York (Koeltl, *J.*) denying in part their motion to dismiss the Section 1983 claims for deprivation of federal civil rights, malicious abuse of process, stigma-plus defamation, and conspiracy against Ruzow and Scotto.

We dismiss. As set forth in the district court's thorough and well-reasoned opinion, there are factual disputes that preclude a finding of immunity at this stage of the proceedings. *See Bolmer v. Oliveira,* 594 F.3d 134, 141 (2d Cir.2010)("Defendants–Appellants offer their version of the contested facts surrounding Bolmer's commitment. We lack jurisdiction to compare their factual evidence with [plaintiff's]."). In the absence of an independent source of jurisdiction, we lack the authority to exercise pendent appellate jurisdiction over other aspects of the order. *Bolmer,* 594 F.3d at 141.

Accordingly, the appeal hereby is DISMISSED.